**Voting by Untried Prisoners and Misdemeanants**

PACKEL, Attorney General, September 11, 1974. —Recent litigation in the Commonwealth of Pennsylvania[1] and rulings by the United States Supreme Court have led to concern and confusion as to the voting rights of untried pretrial detainees and convicted misdemeanants who are confined in penal institutions within the State. Inquiries from your office and from county election officials have raised the question of whether or not such classes of individuals may register and vote by absentee procedures proscribed under the Pennsylvania Election Code.

It is our opinion, and you are hereby advised, that untried pretrial detainees and convicted misdemeanants must be afforded the right to register and vote by officials responsible for administration of the election laws in the Commonwealth of Pennsylvania.

It is self-evident that all persons who are incarcerated are denied the mobility to register and vote in person at the proper polling places. However, under the Pennsylvania Election Code, an individual who is absent from his election district may exercise his franchise as a "qualified absentee elector," provided,

---

[1] Goosby v. Osser, et al., (No. 71-2380, E.D. Pa., 1974)

however, "that the words 'qualified absentee elector' shall in no wise be construed to include persons confined in a penal institution": Act of June 3, 1937, P. L. 1333, 25 PS §2602(w)(12), 25 PS §3146.1. A preliminary reading of this provision of the code would lead to the inescapable conclusion that convicted misdemeanants and pretrial detainees are effectively precluded from exercising the fundamental right of registration and voting.

Indeed, just such an interpretation of the law has, until recently, resulted in excluding those classes of individuals confined in prison from participating in the election process. In January of this year, the United States Supreme Court held that where a State provides for the absentee registration and voting of certain classes of individuals but denies the same opportunity to pretrial detainees and convicted misdemeanants, then the schematic exclusion of such individuals is in violation of the equal protection clause of the United States Constitution: O'Brien v. Skinner, 414 U.S. 524 (1974).

Pennsylvania law provides for absentee registration and voting by numerous categories of voters who may be unable to appear in person at the polls. The Commonwealth permits absentee registration and voting by, inter alia, those who are unable to appear personally because of illness or physical disability, or those whose duties, occupation or business take them out of the election district of their residence. Absentee ballots are even available to those who are on vacation outside the country on election day: 25 PS §623-20.2; 25 PS §623-20.3; 25 PS §2602(w). 1 et seq.; 25 PS §3146.1; 25 PS §951-18.1; and 25 PS §951-18.2.

It is clear, therefore, that the Commonwealth permits certain categories of individuals to register and

vote absentee while prohibiting pretrial detainees and convicted misdemeanants from participating in person or through the use of absentee procedures in the election process. Where the State both physically prevents a class of individuals from going to the polls and denies them alternative means of casting their ballots, then the denial of absentee registration and absentee ballots is effectively an absolute denial of the franchise to these persons. The Supreme Court in O'Brien, supra, held that where an electoral scheme discriminates between categories of qualified voters that results in the absolute disenfranchisement of convicted misdemeanants and persons awaiting trial but unable to make bail, then the system denies those individuals the equal protection of the law guaranteed by the fourteenth amendment.[2]

Moreover, pretrial detainees and convicted misdemeanants should be allowed to exercise their right to vote by absentee ballot to preserve fundamental fairness within the democratic process. There is no justifiable interest served on behalf of the State by limiting the franchise to those individuals who are free from institutional constraints.[3] Indeed, the

---

[2] In comparing the Pennsylvania Election Code to the provisions of the New York Election Code that were challenged in the O'Brien case, the Supreme Court stated that the Commonwealth's electoral scheme also operated as an absolute bar to voting by all prison inmates:

"More recently in Goosby v. Osser, 409 U.S. 512 (1973), the Court again considered the problem of inmate voting and concluded that, unlike the voting restrictions in the McDonald case, the statute there in question was an absolute bar to voting because of a specific provision that 'persons confined in a penal institution' were not permitted to vote by absentee ballot. It is clear, therefore, that the appellants here, like the petitioners in Goosby, bring themselves within the precise fact structure that the McDonald holding foreshadowed": 414 U.S. at 529, 530.

[3] It should be emphasized that this Opinion does not embrace

Election Code permits a convicted felon who has served his sentence or who is free on probation or parole to appear personally and register and vote but denies this fundamental right to a person whose guilt or innocence has not been determined by a court of law and who is confined awaiting trial. This restriction on the exercise of one of a citizens' most protected rights defaces the time honored maxim that one is innocent until proven guilty and accordingly, possesses all fundamental rights until such a determination. It also operates in an unconstitutionally discriminatory manner to deny a fundamental right to a class of individuals solely on the basis of confinement in a State institution.

Finally, it is essential to the process of rehabilitating individuals confined in penal institutions that they be returned to their roles in society as fully participating citizens upon completion of their period of confinement. The disenfranchisement of misdemeanants is the antitheses of the paramount goals of modern penology.[4]

---

the very substantial constitutional problems of the statutory disenfranchisement of convicted felons, whether or not they are confined in prison, as was decided in Richardson v. Ramirez et al., 414 U.S. 816, 1107 42 L. W. 5017, (1974). The court's ruling in O'Brien limited relief to convicted misdemeanants and pretrial detainees and, thereby, the application of this Opinion.

[4] The National Advisory Commission on Criminal Justice Standards and Goals reports that:

"Loss of citizenship [including] the right to vote. . . inhibits reformative efforts. If corrections is to reintegrate an offender into a free society, the offender must retain all attributes of citizenship. In addition, his respect for law and the legal system may well depend, in some measure, on his ability to participate in that system. Mandatory denials serve no legitimate public interest." National Advisory Commission on Criminal Justice Standards and Goals, Report on Corrections, Standard 16.17 (1973 p. 593).

The rule announced in this opinion is also consistent with the established policy of the Commonwealth to promote the extension of the franchise to those Pennsylvania citizens who have traditionally suffered encumbrances on their right to exercise voting privileges. See Sloane v. Smith, 351 F. Supp. 1299 (E.D. Pa., 1972) (college students); Commonwealth v. Parkhouse et al., (unreported Commonwealth Court Opinion, 969 C.D. 1972) (mental patients); Arroyo v. Tucker, 372 F. Supp. 764 (E.D. Pa., 1974 (Spanish speaking persons); Goosby v. Osser (No. 71-2380, E.D. Pa., 1974) (pretrial detainees).

Accordingly, you are hereby formally advised and instructed that in accordance with the holding of the United States Supreme Court in O'Brien v. Skinner, supra, all convicted misdemeanants and pretrial detainees shall, heretofore, be entitled to register and vote during the period of confinement in a penal institution.[5] Those provisions of the Pennsylvania Election Code which exclude "persons confined in a penal institution" from qualifying as absentee electors shall apply only to inmates convicted for felonies: 25 PS §2602(w)(12), 25 PS §3146.1.

You are further advised that the procedure for registering and voting by persons confined in penal institutions shall be in accordance with the provisions of the Pennsylvania Election Code. As will be set forth in detail below, these procedures are sufficiently flexible to enable election officials, based on the re-

---

[5] A determination of whether or not the crime for which an individual has been convicted is a misdemeanor, shall be based upon the classification of crimes contained in the 1972 Pennsylvania Crimes Code of December. 6, 1972, P.L. 1068, 18 C.P.S.A. §106.

sources, needs and particular problems of their respective counties and communities, to provide a number of alternative procedures by which pretrial detainees and convicted misdemeanants are to be registered and to vote.

Registration of inmates whose place of residence is outside of the election district within which the institution is located shall be accomplished by the making of a written request to the Election Commissioners in the manner provided for persons in the military service: 25 PS §623-20.2; 25 PS §951-18.1. Registration of inmates whose place of residence is within the same election district as the institution may be made either by the provisions regarding persons in the military, or by having election officials send a team of traveling registrars to the institution pursuant to 25 PS §623-17; and 25 PS §951-16.

As to voting by absentee ballot, an inmate whose residence is not in the same election district within which the institution is located shall make an application for and subsequently vote by absentee ballot in the manner provided for persons in the military service: 25 PS §3146.2(a), (b) and (c). An inmate whose place of residence is within the same election district as the institution may vote by absentee procedures provided in 25 PS §3146.2(b) and (c); or the election officials may conduct the election at the prison in the same manner that is provided for patients in public institutions: 25 PS §3146.2(f) and (g). The inmates' residency for voting purposes shall be deemed to be their official residence prior to incarceration and not the institution where they are confined.